IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ANTHONY B. LOBATO and
CLARE M. LOBATO,

        Plaintiffs,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF
AMERICA,

        Defendant.

---

## NOTICE OF REMOVAL

---

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Travelers Property Casualty Company of America ("Travelers"), by and through its counsel, hereby removes this action from the District Court, City and County of Denver, State of Colorado to the United States District Court for the District of Colorado on the ground that there is diversity jurisdiction under 28 U.S.C. § 1332(a). In support of removal, Travelers states as follows:

### BACKGROUND

1.    On September 23, 2018, Plaintiffs Anthony B. Lobato and Clare M. Lobato ("Plaintiffs") filed a Complaint and Jury Demand ("Complaint") against Travelers Property

Casualty Company of America in the District Court, City and County of Denver, State of Colorado, Case Number 2018CV30253 ("State Court Action").

2. Plaintiffs served Travelers with the Complaint on January 30, 2018, by service on The Corporation Company, Travelers' registered agent. (*See* Return of Service.)

3. Plaintiffs allege that on January 10, 2015, they were injured in an automobile accident with an underinsured motorist. (Compl. ¶¶ 6-14.)

4. Plaintiffs further allege that, at the time of the accident, they were insured by Travelers under a policy including underinsured motorist ("UIM") coverage. (*Id.* ¶ 5.) The limit of insurance of the policy's underinsured motorist coverage is $1,000,000. (*Id.* ¶ 15.)

5. According to Plaintiffs, Travelers has failed to pay Plaintiffs the required amount of UIM benefits and has not provided a reasonable basis for the delay of benefits under their underinsured motorist policy. (*Id.* ¶¶ 42, 49, 56, 63.)

6. The Complaint sets forth the following claims for relief: (1) Breach of Contract; (2) Bad Faith Breach of Insurance Contract; (3) and statutory penalties under C.R.S. §§ 10-3-1115 and -1116. (*Id.* ¶¶ 44-64.)

7. In the civil cover sheet submitted with their Complaint, Plaintiffs indicated that "[a] monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought." (Civil Cover Sheet 2.)

8. Plaintiffs allege that they brought this action to "collect the remainder of the policy limit, $321,535.10." (Compl. ¶ 42.)

9. Plaintiffs also that they are entitled to recover "attorney's fees and two times the covered benefits provided by the insurance policies with [Travelers] pursuant to C.R.S. § 10-3-1115 and C.R.S. § 10-3-1116." (Compl., WHEREFORE Clause ¶ 3.) Plaintiffs also seek expert witness fees, special damages, and interest as provided by law. (*Id.* WHEREFORE Clause.)

10. Travelers contends that it did not breach the insurance contract, did not unreasonably delay or deny benefits, and did not violate the penalty statutes, and that Plaintiffs are not entitled to any recovery.

## GROUNDS FOR REMOVAL

### I. REMOVAL IS TIMELY

11. This Notice of Removal is filed within thirty (30) days after service of the Summons and Complaint on Travelers, which occurred on January 30, 2018.

12. Removal of this action is therefore timely under 28 U.S.C. § 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (stating that "defendant's period for removal will be no less than 30 days from service").

### II. DIVERSITY OF CITIZENSHIP EXISTS

13. A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions jurisdiction. *See id.*

14. The Complaint alleges that Plaintiffs are citizens and residents of Colorado. (Compl. ¶ 1.)

15. Travelers is a corporation organized and existing under the laws of the State of Connecticut and having its principal place of business in Connecticut. Travelers is a citizen of Connecticut.

16. Because the parties are citizens of different states and Travelers is not a citizen of Colorado, complete diversity exists and removal is proper. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), and 1441(b)(2); *see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 847 & n.6 (10th Cir. 1988) (direct action proviso in § 1332 does not affect suits brought by insured against the insured's own insurer).

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

17. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as is required to maintain diversity jurisdiction. *See Dart Cherokee*, 135 S. Ct. at 554 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

18. Plaintiffs allege that they brought this action to "collect the remainder of the policy limit, $321,535.10." (Compl. ¶ 42.)

19. Additionally, should Plaintiffs succeed in their claims under C.R.S. §§ 10-3-1115 and -1116, they will attempt to recover two times the covered benefit. (*Id.*, Wherefore Clause, ¶ 3.) The Tenth Circuit has interpreted C.R.S. §§ 10-3-1115 and -1116 to permit insureds to recover the alleged covered insurance benefit plus double that benefit. *Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 827 F.3d 1256, 1263-64 (10th Cir. 2016).

20. Further, Plaintiffs' civil cover sheet filed in state court confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs' representation on its

civil cover sheet establishes for the purposes of federal diversity jurisdiction that Plaintiffs seek in excess of $75,000 in disputed damages, exclusive of interest and costs. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that there was "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding").

21. In addition, the Complaint requests an award of attorney's fees under C.R.S. § 10-3-1115 and -1116. (*Id.*, Wherefore Clause ¶ 3.) "[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). Although the fees cannot be calculated with certainty at this juncture, it is undisputable that substantial attorney fees will be incurred in this matter. *See, e.g.*, *Cronan v. American Family Insurance*, Order Re: Plaintiff's Motion for Entry of Final Judgment with Attorney Fees and Costs (Arapahoe Cty. Dist. Ct., Colo. Mar. 2, 2017) (awarding $151,177.50 in attorney fees under C.R.S. § 10-3-1116, in a case involving property damage to a home).

22. In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

23. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §§ 1391(b)(2) and 1446(a).

## PROCESS, PLEADINGS, AND ORDERS SERVED

24.     As required by 28 U.S.C. § 1446(a), Local Civil Rule 81.1, and this Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), true and accurate copies of all process, pleadings, motions, orders, and other papers filed in the State Court Action are attached hereto as Exhibit 1.

## NOTICE OF REMOVAL

25.     Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of the State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal filed contemporaneously in the State Court Action is attached hereto as Exhibit 2.

## NO WAIVER

26.     No waiver, and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## CONCLUSION

27.     For the reasons set forth above, Travelers removes this action to the United States District Court for the District of Colorado.

28.     Further, to the extent the Court has any questions regarding the issue of diversity of citizenship between the parties, Travelers reserves the right to conduct limited discovery on the issue of diversity jurisdiction, as allowed by *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

Dated: February 28, 2018								Respectfully submitted,


											*s/ Evan B. Stephenson*
											Evan B. Stephenson
											Carrie M. Hobbs
											Wheeler Trigg O'Donnell LLP
											370 Seventeenth Street, Suite 4500
											Denver, CO 80202-5647
											Telephone:	303.244.1800
											Facsimile:	303.244.1879
											Email:	stephenson@wtotrial.com
												hobbs@wtotrial.com

											Attorneys for Defendant
											Travelers Property Casualty Company of America

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on February 28, 2018, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served on the following email address:

Andrew M. Newcomb
David Roth
Samuel F. Mitchell
Speights and Worrich, LLC
2149 South Holly Street, Suite 105
Denver, CO 80222
Telephone: 303-662-8082
Facsimile: 303-662-8083
Email: andrew@speightsfirm.com
david@speightsfirm.com
sam@speightsfirm.com

*Attorneys for Plaintiffs*

                                          *s/ Evan B. Stephenson*